IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PRACTICE MANAGEMENT SUPPORT SERVICES, INC., an Illinois corporation, individually and as the representative of a class of similarly-situated persons,<br><br>　　　　　Plaintiff,<br>v.<br><br>CIRQUE DU SOLEIL INC., CIRQUE DU SOLEIL (US), INC. and JOHN DOES 1-10,<br><br>　　　　　Defendants. | Case No. 1:14-cv-02032<br><br>Judge Thomas M. Durkin<br>Magistrate Judge Young B. Kim |

**DEFENDANTS' MOTION TO STAY**

NOW COME Defendants, CIRQUE DU SOLEIL INC. and CIRQUE DU SOLEIL (US) INC., by and through their attorneys, SMITHAMUNDSEN LLC,, and respectfully request that this Court stay briefing on class certification pending a decision from the United States Supreme Court ("Supreme Court") in *Campbell-Ewald Co. v. Gomez* ("*Campbell-Ewald*"). In support thereof, Defendants state as follows:

**I.      INTRODUCTION**

Plaintiff has filed a putative class action against Defendants Cirque du Soleil Inc. and Cirque du Soleil (US), Inc., seeking statutory damages on behalf of itself and a putative class for Defendants' alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"). On December 4, 2015, Defendants made an open-ended settlement offer to Plaintiff in the amount of $1,510, plus all costs incurred by Plaintiff in the above-captioned lawsuit (excluding attorneys' fees). (*See* Dec. 4, 2015 Email, attached hereto as **Exhibit A**). Pursuant to this offer, on December 11, 2015, Defendants tendered to Plaintiff a check in the amount of

1

$1,510.00. (*See* **Exhibit B**). Defendants also requested that Plaintiff identify all costs allowable under the Federal Rules of Civil Procedures and 28 U.S.C. *§1920* so that Defendants can send another check to Plaintiff for that amount, using funds readily available, in line with the settlement offer. (*See id.*). This amount represents the maximum amount Plaintiff stands to recover in this matter for its individual claims under the TCPA. *See* 47 U.S.C. § 227(b)(3). Plaintiff filed its motion for class certification and memorandum of law in support thereof on December 8, 2015. (Dkt. ## 64-1, 64-2).

The Supreme Court has granted certiorari in *Campbell-Ewald* to decide whether a Rule 68 offer of judgment to a named plaintiff (in full satisfaction of her individual claim) moots that plaintiff's putative TCPA class claims. 768 F.3d 871, 875 (9th Cir. 2014), *cert. granted*, No. 14-857, 2015 WL 246885 (May 18, 2015). Oral argument in *Campbell-Ewald* occurred before the Supreme Court on October 14, 2015. (*See* Transcript of Oral Argument, attached hereto as **Exhibit C**). The Justices asked pointed questions of both the Petitioner and the Respondent, and are expected to issue a ruling on this highly contested issue next term. (*See id.*).

Defendants respectfully request a stay of briefing on class certification in this matter pending a decision from the Supreme Court in *Campbell-Ewald*. The Supreme Court's determination of whether a named plaintiff in a TCPA action who has received an offer in full satisfaction of her claims—like Plaintiff here—may proceed individually or as a putative class representative will be potentially dispositive of this matter as it will directly control this Court's determination of whether Plaintiff's claims, and thereby the claims of the putative class it seeks to represent, are moot. If the Supreme Court rules in favor of the *Campbell-Ewald* petitioners, named plaintiffs in TCPA class actions who receive Rule 68 offers will not be able to proceed

individually or as class representatives, requiring dismissal of both their individual and class claims for want of subject matter jurisdiction.

Granting a stay of briefing on class certification pending a decision from the Supreme Court will therefore preclude litigant and judicial resources from potentially being wasted in the event the Supreme Court determines that plaintiffs who have received offers in full satisfaction of their claims do not have viable causes of action. Since the Supreme Court granted certiorari in *Campbell-Ewald*, several courts have already granted stays pending a decision in that matter[1]. *See, e.g., Shaun Fauley v. Royal Canin U.S.A., Inc.*, No. CV 15-02170, 2015 WL 3622542 (N.D. Ill. May 22, 2015) (Minute Entry attached hereto as **Exhibit D**); *St. Louis Heart Ctr., Inc. v. Athenahealth, Inc.*, No. 4:15-CV-01215-AGF, 2015 WL 6777873, at *4 (E.D. Mo. Nov. 4, 2015); *Eric B. Fromer Chiropractic, Inc. v. New York Life Ins. & Annuity Corp.*, No. CV 15-04767-AB (JCX), 2015 WL 6579779, at *2 (C.D. Cal. Oct. 19, 2015); *Yaakov v. Varitronics, LLC*, No. CIV. 14-5008 ADM/FLN, 2015 WL 5092501, at *4 (D. Minn. Aug. 28, 2015); *Wolf v. Lyft, Inc.*, No. C 15-01441 JSW, 2015 WL 4455965, at *2 (N.D. Cal. July 20, 2015); *Boise v. ACE USA, Inc.*, No. 15-CIV-21264, 2015 WL 4077433, at *6 (S.D. Fla. July 6, 2015).

Moreover, granting such a limited stay will not prejudice Plaintiff, as oral argument in *Campbell-Ewald* has already occurred and a decision on that matter is expected by next May or June. *See, e.g., St. Louis Heart Ctr., Inc.*, 2015 WL 6777873, at *5 ("Moreover, the length of this stay will be finite and moderate. The Supreme Court has already heard oral argument on *Campbell–Ewald,* and it will reach a decision this term."); *Wolf*, 2015 WL 4455965, at *2

---

[1] Defendants note that the Seventh Circuit Court of Appeals has held that a defendant's offer of full compensation does not moot the plaintiff's lawsuit. *Chapman v. First Index, Inc.*, 796 F.3d 783, 787 (7th Cir. 2015). However, as the Seventh Circuit itself acknowledged, this very issue is before the Supreme Court in *Campbell-Ewald. Id.* at 786. This Court therefore may exercise its broad discretion to stay briefing on class certification in this matter pending a ruling from the Supreme Court on this issue, which will be controlling authority for both the Seventh Circuit and this Court. *Radio Corp. of America v. Igoe,* 217 F.2d 218, 220 (7th Cir.1955) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

("Further, the Supreme Court will resolve *Campbell–Ewald* in its next term, and the stay will have a finite duration.").

Therefore, granting a stay of briefing on class certification in this matter pending a decision from the Supreme Court in *Campbell-Ewald* is warranted.

## II. ARGUMENT

### A. Legal Standard.

"'[A] District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.'" *Joao Bock Transaction Sys., LLC v. First Nat. Bank*, No. 11 C 6472, 2013 WL 4840240, at *2 (N.D. Ill. Sept. 10, 2013) (quoting *Clinton v. Jones,* 520 U.S. 681, 706, 117 S.Ct. 1636, 137 L.Ed.2d 945 (1997)); *Oplus Techs., Ltd. v. Sears Holding Corp.*, No. 11-CV-8539, 2012 WL 2280696, at *2 (N.D. Ill. June 15, 2012); *Tex. Independent Producers & Royalty Owners Ass'n v. EPA,* 410 F.3d 964, 980 (7th Cir. 2004). "In determining whether a stay is appropriate the Court considers '(i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (ii) whether a stay will simplify the issues in question and streamline the trial; and (iii) whether a stay will reduce the burden of litigation on the parties and on the court.'" *Joao Bock Transaction Sys.*, 2013 WL 4840240, at *2 (quoting *Pfiizer v. Apotex, Inc.,* 640 F.Supp.2d 1006, 1007 (N.D. Ill. 2009)).

### B. A Stay Is Warranted Because The Supreme Court's Decision In *Campbell-Ewald* Will Directly Control Whether Plaintiff's Claims Are Moot And Therefore Must Be Dismissed For Want Of Subject Matter Jurisdiction.

The Supreme Court granted certiorari in *Campbell-Ewald* to decide: (1) "[w]hether a case becomes moot, and thus beyond the judicial power of Article III, when the plaintiff receives an offer of complete relief on his claim" and (2) "[w]hether the answer to the first question is any different when the plaintiff has asserted a class claim under Federal Rule 23, but receives an

4

offer of complete relief before any class is certified." Pet. For Writ of Cert., *Campbell-Ewald Co. v. Gomez*, No. 14-857, 2015 WL 241891, at *1 (Jan. 16, 2015); 768 F.3d 871, 875 (9th Cir. 2014), *cert. granted*, No. 14-857, 2015 WL 246885 (May 18, 2015).

The question presented at the Supreme Court in *Campbell-Ewald* goes directly to the heart of whether Plaintiff here, having received an offer of complete relief for its claims before any class is certified—and before a motion for class certification has been filed—may proceed with its individual and class claims. A determination by the Supreme Court that the claims of plaintiffs who receive offers of complete relief for their individual claims prior to a decision on class certification are moot would be dispositive of this case in Defendants' favor, as Defendants have offered Plaintiff more than complete relief for its claims and no class has been certified in this matter.

Therefore, a stay of briefing on class certification pending a decision in *Campbell-Ewald* that would potentially preclude the need for engaging in costly and time-consuming briefing and adjudication is in the interest of litigant and judicial economy. A stay is particularly appropriate here, where Plaintiff will suffer no harm or prejudice as a result, because a decision in *Campbell-Ewald* is expected within a year. Moreover, this limited stay will ensure that this Court makes a determination on the viability of Plaintiff's claims based on direct guidance from the Supreme Court. The Supreme Court's ruling will "simplify the issues in question" because it will directly control whether Plaintiff's claims are moot and therefore must be dismissed. *Joao Bock Transaction Sys.*, 2013 WL 4840240, at *2

In granting a stay of a TCPA case pending resolution of the *Campbell-Ewald* appeal, Judge Bucklo explained:

> Defendant's motion to stay this case pending the Supreme Court's decision in *Campbell-Ewald Company v. Gomez* is granted. It is not clear that the Supreme

5

> Court decision will decide whether the offer of judgment in this case renders this case moot, particularly because plaintiff in the present case filed a Damasco motion before receiving the offer of judgment. It is possible that the Supreme Court will reach the issue, however, and I see no prejudice in holding this case in abeyance. Discovery is expensive and in my experience, it is mostly the attorneys who benefit from these cases.

*Fauley*, 2015 WL 3622542 (Exh. D).

Judge Bucklo concluded that the relevant factors weighed in favor of granting a stay, noting that a stay pending the Supreme Court's decision in *Campbell-Ewald* would not prejudice the Plaintiff and that conversely, not granting a stay would force the parties to engage in potentially unnecessary expensive litigation.

Other courts have reached the same conclusion. In *St. Louis Heart Ctr., Inc.*, the court explained that granting a stay of a putative TCPA class action where the plaintiff was offered complete relief on its individual claims pending resolution of the *Campbell-Ewald* appeal was appropriate because "the Supreme Court may conclusively determine that the Court lacks subject matter jurisdiction to hear Plaintiff's claims. And in that event, the significant time, expense, and resources required of both parties to litigate this case would have been wasted." 2015 WL 6777873, at *4. Similarly, in *Yaakov*, the court determined:

> Bais Yaakov's claims of prejudice must be balanced with the preservation of resources and the interests of all parties. The question the Supreme Court is anticipated to answer is likely dispositive of Bais Yaakov's claims. Waiting until the Supreme Court has ruled may avoid expending unnecessary resources. Furthermore, the stay will be of short duration since the argument in *Campbell–Ewald* is scheduled to occur in less than two months.

2015 WL 5092501, at *4.

The court in *Eric B. Fromer Chiropractic, Inc.* offered the following analysis in support of its decision to stay proceedings pending a decision in *Campbell–Ewald*:

> Neither Plaintiff nor the class will be materially harmed by a stay pending resolution of *Campbell–Ewald* and *Spokeo*. Indeed, Plaintiff does not suggest that

a stay would harm anyone. There is no reason to believe that it will take more than a year for the Supreme Court to resolve these cases: indeed, oral argument was heard in *Campbell–Ewald* on October 14, 2015. Meanwhile, if the case is not stayed, the Court, the parties, and the absent class members (who would soon receive class notice if the case were to go forward) would all face the risk of dedicating substantial resources to proceedings that may ultimately prove unnecessary. Finally, the orderly course of justice counsels staying this case: the very issues properly raised in Defendants' motion to dismiss are identical to those now before the Supreme Court. It makes little sense for this court to address those issues when a conclusive decision is likely forthcoming from the Supreme Court.

2015 WL 6579779, at *2.

Likewise, the court in *Boise* explained:

It is also important that the length of the stay is neither indefinite nor immoderate. The Supreme Court has already granted certiorari on the two relevant cases and will hear oral argument for them in its upcoming fall Term, which means that a decision is imminent within a year. Finally, there is a public interest in judicial economy and efficiency, which will be promoted by a stay of these proceedings. A moderate delay here will free up judicial resources without any unfair prejudice or burden on the Plaintiff.

2015 WL 4077433, at *6 (internal citations omitted).

And, the court in *Wolf* noted: "However, the other two issues pending before that Court, if resolved in Defendant's favor, would simplify the issues and resolve threshold issues relating to the Court's jurisdiction to consider Wolf's claims, both individually and on a class-wide basis. Further, the Supreme Court will resolve *Campbell–Ewald* in its next term, and the stay will have a finite duration." 2015 WL 4455965, at *2.

Here, like the named plaintiffs in *Fauley*, *St. Louis Heart Ctr., Inc.*, *Yaakov*, *Eric B. Fromer Chiropractic, Inc.*, *Boise* and *Wolf*, Plaintiff received an offer of complete relief on its claims prior to a decision on class certification in an action alleging violations of the TCPA. The Supreme Court's decision in *Campbell–Ewald* will directly control whether Plaintiff's claims are moot given that offer of complete relief. A stay of briefing on class certification is therefore warranted to preclude the parties and this Court from potentially wasting time and resources

7

engaging in extensive briefing for claims that ultimately might prove to have no viability before this Court. Moreover, a stay will not prejudice Plaintiff and will help ensure consistency of rulings on this issue in this Court and others that wait for and rely on the Supreme Court's guidance.

**WHEREFORE**, Defendants CIRQUE DU SOLEIL INC. and CIRQUE DU SOLEIL (US) INC. respectfully request that this Court enter an Order staying briefing on class certification in this matter pending a decision from the United States Supreme Court in *Campbell-Ewald Co. v. Gomez*, 2015 WL 246885 (May 18, 2015).

Dated: December 11, 2015

                                            Respectfully submitted,

                            By:   /s/ Eric Samore
                                  Attorney for Defendants
                                  CIRQUE DU SOLEIL INC. and
                                  CIRQUE DU SOLEIL (US), INC.

Eric L. Samore, ARDC # 6181345
Molly A. Arranz, ARDC # 6281122
Yesha Hoeppner, ARDC # 6304109
Smith Amundsen LLC
150 N. Michigan Avenue, Suite 3300
Chicago, Illinois 60601
(312) 894-3200

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on December 11, 2015, he served **Defendants' Motion to Stay** on All Attorneys of Record. This document was served upon the attorneys as listed above, pursuant to the Northern District of Illinois General Order on Electronic Case Filing.

| | |
|---|---|
| | [x] Pursuant to 28 USC Section 1746(2), I certify under penalty of perjury that the foregoing is true and correct. Executed on: December 11, 2015. |
| | /s/ Eric L. Samore |