UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PRACTICE MANAGEMENT SUPPORT SERVICES, INC., an Illinois corporation, individual and as the representative of a class of similarly-situated persons, | ) ) ) ) ) | No. 14 C 2032 |
| PLAINTIFF, | ) ) | |
| v. | ) ) | Judge Thomas M. Durkin |
| CIRQUE DU SOLEIL INC., CIRQUE DU SOLEIL (US), INC. AND JOHN DOES 1-10, | ) ) ) | |
| DEFENDANTS. | ) | |

**MEMORANDUM OPINION AND ORDER**

This is a class action lawsuit brought by Plaintiff Practice Management Support Services, Inc. ("Plaintiff" or "Practice Management") on behalf of itself and all others similarly situated. It seeks damages from Defendants Cirque du Soleil, Inc., and Cirque du Soleil (US), Inc. (collectively, "Defendants" or the "Cirque Defendants") arising from an allegedly unsolicited facsimile transmitted on July 7, 2009 advertising the show "A New Twist on Vaudville" at the Chicago Theater. *Id.* Practice Management claims the advertisement was a "junk fax," sent by Defendants in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. *Id.* at ¶¶ 20-33. Defendants move this Court to enter an order (1) granting Defendants leave to deposit $15,000 with the Court's registry, R. 82, (2) entering judgment for Plaintiff on its individual claims, R. 84; and (3) dismissing

1

the case, including the class claims, as moot, *id.* For the following reasons, Defendants' motions are granted in part and denied in part.

**Background**

The epic, seven-year procedural history of this case is set forth in detail in an earlier-issued order denying Defendants' first motion for summary judgment in this matter. R. 63. For the purposes of this motion, it matters only that this is a third-attempt to hold Defendants liable for the fax at issue in this case, the parties have litigated a variety of procedural issues in state and federal court, they have engaged in protracted discovery three times, and they have never made it as far as decision on class certification. In the interest of bringing this long-pending dispute to resolution, the Court ordered the prompt and expeditious briefing of class certification to be completed early this year. *Id.*

Days before Plaintiff's class certification brief was due, Defendants sent counsel an email offering to settle the case for the maximum amount of statutory damages, costs, and a stipulated injunction. Plaintiff rejected the offer and timely filed its extensive class certification papers. In the opening paragraph of its memorandum in support of its motion, Plaintiff states that "[f]rom January 29, 2009, to July 8, 2009, Defendants successfully sent 46,097 facsimiles advertising tickets to various Cirque du Soleil performances across the United States. Defendants purchased lists of fax numbers from third parties and transmitted the faxes through 'fax broadcaster' ProFax in 21 separate broadcasts." R. 68-1 at 1.

Three days later, Defendants moved to stay briefing on the motion for class certification pending a ruling by the Supreme Court in *Campbell-Ewald Co. v. Gomez*, 768 F.3d 871, 875 (9th Cir. 2014), *cert. granted*, No. 14-857, 2015 WL 246885 (May 18, 2015). The Court entered and continued the motion for class certification and set a briefing schedule on the motion to stay. Before the motion was fully briefed, however, the Supreme Court issued its decision in *Campbell-Ewald*, 136 S. Ct. 663 (2016). Accordingly, the Court denied the motion to stay as moot and instructed Defendants that if they wished to file a motion based on the ruling in *Campbell-Ewald*, they had 14 days to do so.

Availing themselves of the Court's invitation, Defendants filed the Rule 67 motion to deposit funds and corresponding second motion for summary judgment that are now before the Court. The Rule 67 motion seeks leave to deposit $15,000—$3,000 to satisfy the "maximum possible statutory damages for Plaintiff's alleged individual claims" of two TCPA violations, 47 U.S.C. §227(b)(3), plus an additional $12,000 "so the funds are readily available" to satisfy Plaintiff's allowable costs, excluding attorneys' fees, to be identified in a later-filed fee petition. R. 82 ¶ 9-10. On the basis that the Rule 67 tender purportedly moots Practice Management's individual claims and thus the claims of the as-yet uncertified class, Defendants move for entry of judgment for Plaintiff and an order dismissing the case as moot. R. 84, R. 91.

**Standard**

Article III authorizes this Court's jurisdiction only over a live case or controversy, and demands that the parties maintain a personal stake in the case "through all stages of federal judicial proceedings, trial and appellate." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citations and quotations omitted). A case becomes moot when the plaintiff no longer "suffer[s], or [is no longer] threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.* (citation and quotations omitted). And when there is nothing left to litigate, a dismissal is appropriate because the plaintiff "has no remaining stake" in the case. *Holstein v. City of Chi.*, 29 F.3d 1145, 1147 (7th Cir. 1994) (citation and quotations omitted).

**Discussion**

As noted above, on January 20, 2016, the Supreme Court issued its ruling in *Campbell-Ewald*, 136 S. Ct. 663. Among the issues before the Court was whether "an unaccepted offer to satisfy the named plaintiff's individual claim [is] sufficient to render a case moot when the complaint seeks relief on behalf of the plaintiff and a class of persons similarly situated." *Id.* at 666. Finding that "a would-be class representative with a live claim of her own must be accorded a fair opportunity to show that certification is warranted," *Campbell-Ewald* held that "an unaccepted settlement offer or [Rule 68] offer of judgment does not moot a plaintiff's case." *Id.* at 672. The Court based this ruling primarily on "basic principles of contract law," noting that like any offer, "[a] settlement bid and Rule 68 offer of judgment, once

4

rejected, ha[ve] no continuing efficacy." *Id.* at 670. This is necessarily so, the Court reasoned, because the plaintiff remains empty-handed, the defendant continues to oppose the claim on the merits, and both parties retain the same stake in the litigation they had at the outset. *Id.* at 670-71. In so ruling, the Court declined to permit an "approach [that] would place the defendant in the driver's seat," rejecting the gambit that defendants may procedurally maneuver around "a potential adverse decision, one that could expose [them] to damages a thousand-fold larger." *Id.* at 671.

Though that ruling was sufficient to decide the issue, the Court nevertheless wondered "whether the result would be different if a defendant deposit[ed] the full amount of the plaintiff's individual claim in an account payable to the plaintiff, and the court then enter[ed] judgment for the plaintiff in that amount." *Id.* Reserving consideration of that question "for a case in which it is not hypothetical," *id.*, *Campbell-Ewald* left class-action defendants wondering if, Rule 68 aside, there might still be a way to moot class claims after all. The Cirque Defendants test that possibility here.

Rule 67 provides that "[i]f any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party—on notice to every other party and by leave of court—may deposit with the court all or part of the money or thing, whether or not that party claims any of it." Fed. R. Civ. P. 67(a). Generally, "[t]he purpose of Rule 67 is to relieve the depositor of responsibility for a disputed fund while the parties litigate its ownership." *Fulton*

5

*Dental, LLC v. Bisco, Inc.*, 2016 WL 4593825, at *2 (N.D. Ill. Sept. 2, 2016) (permitting a defendant to deposit the maximum amount of statutory damages recoverable by the plaintiff under the TCPA) (citing 12 Charles Alan Wright & Arthur R. Miller, § 2991 (2d ed. 1997)). Rule 67 does not effect a legal transfer of property between the litigants. *See Maher Eng'g Co. v. Screwmatics of S. C., Inc.*, 2014 WL 4979167, at *1 (N.D. Ill. Oct. 6, 2014). The Court has broad discretion in determining whether to grant a Rule 67 motion. *Fulton Dental,* 2016 WL 4593825, at *2 (citing authority).

The concurring and dissenting opinions in *Campbell-Ewald* suggested that Rule 67 might be a vehicle through which class action defendants could force a putative class representative's hand. *See* 136 S. Ct. at 675-76 (Thomas, J., concurring) (differentiating between a "mere offer" and a common-law tender "accompanied by actually produc[ing] the sum at the time of tender in an unconditional manner" (citations and quotations omitted)); *id.* at 680 (Alito, J., dissenting) ("[T]o the extent there is a question whether Campbell is willing and able to pay, there is an easy answer: have the firm deposit a certified check with the trial court."); *Id.* at 684 (Roberts, C.J., dissenting) ("The most straightforward way is simply to pay over the money. The defendant might hand the plaintiff a certified check[1] or deposit the requisite funds in a bank account in the plaintiff's name . . . Alternatively, a defendant might deposit the money with the district court . . . on

---

[1] In at least one other case before the Court, this has led to a game of legal "hot potato." The defendant has sent a certified check to the plaintiff, who promptly returned it with explicit writing on the check that it was not being accepted.

6

the condition that the money be released to the plaintiff when the court dismisses the case as moot." (citing Rule 67).

The Cirque defendants are not the first to avail themselves of this procedure since *Campbell-Ewald*, though prior to the Supreme Court's opinion in that case the procedure was more frequently invoked by insurance companies in interpleader actions. Several district courts deciding Rule 67 (or similar) motions have already confronted this question in class actions like this one, where the status of the class is unresolved, either because a motion to certify has not yet been decided or because an order denying class certification is pending on appeal. Most have refused to exercise their discretion to permit tenders intended to moot class plaintiffs' standing. *See, e.g., Brady v. Basic Research, L.L.C.*, 312 F.R.D. 304, 306 (E.D.N.Y. 2016) ("As Defendants' seek Rule 67(a) permission to deposit funds into court to moot this case and not to relieve themselves of the burden of administering an asset, and given the Supreme Court's directive that 'a would-be class representative with a live claim of her own must be accorded a fair opportunity to show that certification is warranted,' the Court finds that granting the Defendants' Rule 67(a) Motion is not warranted."); *Bais Yaakov of Spring Valley v. Varitronics, LLC*, 2016 WL 806703, at *1 (D. Minn. Mar. 1, 2016); *Bridging Communities, Inc. v. Top Flite Fin., Inc.,*, 2016 WL 1388730, at *4 (E.D. Mich. Apr. 6, 2016); *Tegtmeier v. PJ Iowa, L.C.*, 2016 WL 3265711, at *11 (S.D. Iowa May 18, 2016); *Radha Giesmann, MD, P.C. v. Am. Homepatient, Inc.*, 2016 WL 3407815, at *3 (E.D.Mo. June 16, 2016); *Jarzyna v. Home Properties, L.P.*, 2016 WL 4417277, at *4 (E.D. Pa. Aug. 18, 2016).

7

Others have permitted tenders of complete monetary relief to moot the claims of the named plaintiffs, but have held that properly preserved class claims remain justiciable. *See South Orange Chiropractic Center LLC v. Cayan LLC*, 2016 WL 3064054, at *3 (D. Mass. May 31, 2016) ("a defendant cannot moot a proposed class action solely by paying off the named plaintiff"); *c.f. Fulton Dental,* 2016 WL 4593825, at *8-13 (granting defendants motion to tender complete relief and moot the case, including class claims, where no motion to certify had been filed because under Seventh Circuit precedent, which differs from the rule in other circuits, "[w]hen there is no pending motion for class certification, there is no live claim between the proposed class members and the defendant"). Still other courts have permitted class defendants to deposit funds under Rule 67 but have held that the deposit alone has no bearing on mootness. *See Bais Yaakov of Spring Valley v. Graduation Source, LLC*, 2016 WL 872914, at * 1 (S.D.N.Y. 2016); *accord Fauley v. Royal Canin U.S.A., Inc.*, 143 F. Supp. 3d 763, 765 (N.D. Ill. 2016). The court in *Graduation Source* reasoned:

> Although Defendants sought to avail themselves of the hypothetical proposed in *Campbell–Ewald* by depositing the full amount of statutory damages into the Court's Finance Unit and assenting to the injunctive relief requested by Plaintiff in its Complaint, Plaintiff's individual claims remain live—this Court has not entered judgment in favor of Plaintiff and has not, by "express, written order" released the funds to Plaintiff.
>
> With a live claim remaining, this Court is bound by *Campbell–Ewald* to afford Plaintiff a fair opportunity to show that class certification is warranted. Nevertheless, to the extent . . . Plaintiff fails to certify a class, Defendants may renew their request to issue judgment in favor of Plaintiff based upon a complete offer of relief.

*Id.* (internal citations omitted).

The Court is inclined to follow this third approach, which is not necessarily inconsistent with the other approaches detailed above. If Defendants wish to deposit funds sufficient to satisfy Plaintiff's claims, the Court sees no reason why they should not be able to do so. However, in light of the clear rule of *Campbell-Ewald* that "a would-be class representative with a live claim of her own must be accorded a fair opportunity to show that certification is warranted," the Court will not enter judgment over Plaintiff's objection while a timely-filed motion for class certification is pending. *See Fauley*, 143 F. Supp. 3d at 765 (finding it "inappropriate" in the wake of *Campbell-Ewald* "to enter judgment on a named plaintiff's individual claims over the plaintiff's objection, before the plaintiff has had a fair opportunity to move for class certification.") (internal quotation marks and citations omitted). Indeed, the Court can perceive no discernable difference as a practical matter between a rejected offer of settlement, a lapsed Rule 68 offer of judgment, and an objected-to motion by a plaintiff for entry of judgment in her favor. In the event the Court denies Plaintiff's motion for class certification, Defendants are free renew their motion for entry of judgment based on the Rule 67 tender, which they may deposit immediately upon entry of this Order. Also, should the law change regarding the relationship between the tender of complete relief and mootness, Defendants' rights in that regard will be preserved by the deposit. The Court therefore grants Defendants' motion to the extent it seeks to deposit $15,000 pursuant to Rule 67. The court denies the motion insofar as it requests entry of

judgment for Plaintiff and denies the motion for summary judgment on the basis of mootness.

**Conclusion**

For the foregoing reasons, Defendants' Rule 67 motion [82] is granted in part and denied in part and their motion for Summary Judgment [84] is denied. Defendants are to file a response to the pending motion for class certification by October 21, 2016, with Plaintiffs' reply due November 4, 2016. This case is set for a status hearing on January 4, 2017 at 9:00 am.

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: September 30, 2016

10