IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PRACTICE MANAGEMENT SUPPORT SERVICES, INC., an Illinois corporation, individually and as the representative of a class of similarly-situated persons,<br><br>                          Plaintiff,<br><br>v.<br><br>CIRQUE DU SOLEIL INC., CIRQUE DU SOLEIL (US), INC. and JOHN DOES 1-10,<br><br>                          Defendants. | Case No. 1:14-cv-02032<br><br>Judge Thomas M Durkin |

**DEFENDANTS' MOTION FOR LEAVE TO CITE SUPPLEMENTAL AUTHORITY IN OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

NOW COME Defendants, CIRQUE DU SOLEIL INC. and CIRQUE DU SOLEIL (US) INC. ("Defendants"), by their attorneys, Eric L. Samore, Molly A. Arranz and Yesha S. Hoeppner of SmithAmundsen LLC, and respectfully request leave to file supplemental authority in opposition to Plaintiff's Motion for Class Certification ("Motion"). (Dkt. # 135.) In support thereof, Defendants state as follow.

**I.     INTRODUCTION**

In their Response in Opposition to Plaintiff's Motion ("Response"), Defendants contend that "[g]iven the factual and procedural history of the instant and related prior "Cirque" matters, Class Counsel[1] is inadequate" and therefore class certification should be denied. (Dkt. # 135, pp. 21-22.) On June 2, 2017, Judge Cole issued a 54-page Memorandum Opinion in *Physicians Healthsource, Inc. v. Allscripts Health Solutions, Inc. and Allscripts Healthcare, LLC* ("*Allscripts* Opinion"), No. 12-C-3233 (N.D. Ill., June 2, 2017), attached hereto as **Exhibit A**)

---

[1] Class Counsel refers to Anderson + Wanca or Max Margulis.

denying class certification on the basis that the plaintiff had not met its burden of showing adequacy of representation on behalf of either itself or its proposed class counsel[2]. (*See, e.g., id.* at 28-29, 31-32, 34-35, 37.) The *Allscripts* Opinion is directly relevant to the issue of adequacy before this Court on Plaintiff's Motion because Judge Cole raised several of the same concerns about the Class Counsel's tactics in the *Allscripts* case that Defendants have raised in this matter. And, this Court has indicated it would consider Class Counsel's conduct for the purpose of determining adequacy under Federal Rule of Civil Procedure 23. (*See* Dkt. # 63, p. 10, n.3)("Defendants' allegation regarding counsel's conduct in the G.M. Sign Actions may be considered by this Court for the purposes of appointing class counsel under Rule 23(g).") Therefore, Defendants respectfully request leave to submit the *Allscripts* Opinion as supplemental authority in opposition to Plaintiff's Motion.

## II. HERE, LIKE IN THE *ALLSCRIPTS* CASE, CLASS COUNSEL'S CONDUCT RENDERS THEM INADEQUATE AND WARRANTS THE DENIAL OF CLASS CERTIFICATION

In the *Allscripts* Opinion, Judge Cole holds that "counsel must prove their entitlement to be class counsel, and there must be a 'rigorous' analysis of their claimed entitlement." (Exh. A, p. 32.) Judge Cole expresses serious concerns about Class Counsel's conduct, ultimately finding that based on the record before him, "it cannot be said that the plaintiff has shown by a preponderance of the evidence that he and/or counsel are adequate representatives." (Exh. A, p. 39; *see also id.* at 34-37.)

### A. Class Counsel's Misconduct In The *Allscripts* Case

#### 1. **Impermissible Gamesmanship**

First, Judge Cole finds that the plaintiff, through its proposed Class Counsel, has engaged in "impermissible gamesmanship" by providing false discovery responses. (Exh. A, pp. 19, 26.)

---

[2] Anderson + Wanca is one of the proposed class counsel in the *Allscripts* case.

2

He finds the proposed Class Counsel inadequate because they allegedly did not consult with the plaintiff before providing responses to discovery:

> acceptance of the testimony the plaintiff has offered makes the lawyers less than desirable representatives in this case since they allegedly did not consult in advance with their clients about answers to interrogatories and did not consult with them even after they allegedly prepared the answers but before they were filed….As such, the experience factor of the lawyers has vastly diminished significance in the adequacy analysis and cuts against a finding of adequacy of representation in this case.

(*Id.* at 27).

He finds the plaintiff's and Class Counsel's behavior all the more troubling because the plaintiff is "'a professional class-action plaintiff who regularly works with [Law Firm of] Anderson & Wanca to file TCPA cases[3],'" and because

> it is difficult to see how the lawyers could have inadvertently made a mistake in light of their prior representations of the plaintiff, and it is unlikely, to say the least, that in preparing Dr. Ruch for his 30(b)(6) deposition, the lawyers did not review the interrogatory answers with him and thus learned of their falsity. Consequently, if they didn't already know the truth, they must have learned it in advance of the 30(b)(6) deposition. Or else, they did not properly prepare Dr. Ruch….
>
> If the lawyers had knowledge of the truth from the beginning, they cannot be class counsel. And if they didn't know and didn't bother to talk to Dr. Ruch before the answers were filed, they simply cannot be counted on to be an adequate class counsel.

(*Id.* at 37.)

### 2. Class Counsel Fails To Comply With Court Orders And Deadlines

Judge Cole further finds Class Counsel's representation lacking due to their failure to abide by court orders and deadlines, wondering how Class Counsel "could have allowed discovery to proceed as it appears to have proceeded so far" and observing:

---

[3] Moreover, there is also a question regarding a conflict of interest between the putative class and the plaintiff and proposed Class Counsel in the *Allscripts* case, in the form of an alleged agreement to pay potential damages for a counterclaim against the plaintiff from any class settlement or judgment. (Exh. A, pp. 29-30 ("If [Dr. Ruch] is telling the truth and his lawyers assured him that any arbitration award against the plaintiff would come out of the class discovery, the lawyers cannot be deemed to be adequate class counsel."))

3

> [Class Counsel] have had great and repeated difficulties meeting deadlines and seemingly have no sense that they will fail to meet a deadline until the eleventh hour, among other difficulties. They have experienced similar difficulties with page limitations, supposedly not realizing until the last minute that they might need as much as 40% increase, despite having the defendants' submissions for two months in one instance and nearly as long in another. Surely an adequate representative, well-schooled in this type of litigation, doesn't leave everything until the last minute or until it's too late. Untimely or delayed requests for continuances and continuances by default are not favored and often disallowed. Perhaps experience in this case is being trumped by the volume of business these Law Firms handle. But if that's the case, their behavior raises serious questions about whether they are an adequate representative for the class in this case.

(Exh. A, pp. 33-34)(citations omitted.)

B. Class Counsel's Misconduct Here

Class Counsel have exhibited the same tactics and behavior here and in other cases[4] that Judge Cole found disqualified them from being adequate in the *Allscripts* case. Due to Class Counsel's impermissible gamesmanship, failure to abide by court deadlines and forum shopping, Defendants have been forced to defend the exact same claims in three separate lawsuits since *August 2009*. (Dkt. # 47, ¶ 10.)

Class Counsel have compromised the integrity of the judicial process by seeking to refile the same claims in a different forum before a different judge whenever they receive adverse rulings or judgments that are predicated not only their claims lacking merit but also on Class Counsel's mismanagement of their cases. In the First Federal Action[5], Judge Valdez refused to excuse Class Counsel's failure to comply with court orders and deadlines. (*See* Dkt. # 47, ¶¶ 12-

---

[4] Judge Cole notes that in addition to Class Counsel's misconduct in the *Allscripts* case, they can be found inadequate based on their behavior in other cases as well: " 'Beyond the above, it is disconcerting that two of the Firms in this case [one of which is Anderson + Wanca] have been singled out by courts for their behavior." (Exh. A, p. 34-35.) As the Seventh Circuit noted in one of those cases: "[C]lass counsel have demonstrated a lack of integrity that casts serious doubts on their trustworthiness as representatives of the class. There is no basis for confidence that they would prosecute the case in the interest of the class, of which they are the fiduciaries." *Creative Montessori Learning Centers v. Ashford Gear LLC*, 662 F.3d 913, 917 (7th Cir. 2011.) And, in another case, the Seventh Circuit provided a comprehensive history of Class Counsel's filing of over 100 TCPA class actions based on data mined from a hard drive Class Counsel obtained based on alleged misrepresentations and unethical conduct. (*Id.* at 35)(referencing *Reliable Money Order, Inc. v. McKnight Sales Co.*, 704 F.3d 489.)
[5] *G.M. Sign, Inc. v. Groupe Cirque du Soleil, Inc.*, Case No. 09-cv-7692 (N.D. Ill.). (*See also* Dkt. # 47, ¶ 10.)

13.) While the First Federal Action was still pending, Class Counsel filed a second lawsuit on behalf of the same plaintiff (G.M. Sign), based on the same July 2009 fax, the same cause of action and the same legal theories in a different forum, the Illinois Circuit Court in Lake County (the "State Action"),[6] so they could have a second bite at the apple before a different judge. (Dkt. # 47, ¶ 14.) In fact, when G.M. Sign moved to dismiss the First Federal Action, it *admitted* that it filed the State Action because Judge Valdez had denied its late-filed motions. (*Id.* ¶ 21.) G.M. Sign explained that it wanted to "pursue exclusively its claims in the state action" against other "'Cirque' corporate entities" because, in part, the federal court "ha[d] denied Plaintiff the ability to add any other of the 'Cirque' entities as additional Defendants in this case [the First Federal Action]." (*Id.*)

The State Action was ultimately resolved when Defendants' Motion for Summary Judgment on *res judicata* grounds was granted. (Dkt. # 47, ¶¶ 25-27.) The very next day after Defendants' Motion for Summary Judgment was granted in the State Action, Practice Management, through Class Counsel, filed the instant lawsuit alleging the exact same claims based on the exact same fax as in the First Federal Action and the State Action. (*Id.* ¶ 29.) Class counsel had represented Practice Management in other unrelated TCPA lawsuits since at least January 2008. (*See, e.g.,* Dkt. # 47, ¶ 30.)

Class Counsel has engaged in inappropriate gamesmanship in this matter by, among other things: (1) filing the instant lawsuit after hearing sworn, undisputed testimony conclusively establishing that the fax attached to the Complaint does not advertise Defendants' goods or services (*see, e.g.,* Dkt. # 135, pp. 6-10); and, (2) substantially broadening the scope of the proposed class seven months after the close of discovery. (*See, e.g.,* Dkt. # 135, pp. 6-10.)

Like in the *Allscripts* case, Class Counsel here have demonstrated they are not adequate

---

[6] *G.M. Sign, Inc. v. Cirque du Soleil, Inc.*, Case No. 11-CH-1894. (*See also* Dkt. # 47, ¶ 14.)

representative pursuant to Rule 23.

**WHEREFORE**, Defendants CIRQUE DU SOLEIL INC. and CIRQUE DU SOLEIL (US) INC. respectfully request that this Honorable Court enter an order granting them leave to file supplemental authority in opposition to Plaintiff's Motion for Class Certification.

Dated: June 9, 2017

                                                Respectfully Submitted,

                                                By:    /s/ Eric L. Samore
                                                          Attorney for Defendants

Eric L. Samore, ARDC # 6181345
Molly A. Arranz, ARDC # 6281122
Yesha S. Hoeppner, ARDC # 6304109
Smith Amundsen LLC
150 N. Michigan Avenue, Suite 3300
Chicago, Illinois 60601
(312) 894-3200

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on June 9, 2017, he served **Defendants' Motion for Leave to File Supplemental Authority in Opposition to Plaintiff's Motion for Class Certification** on All Attorneys of Record. This pleading was served upon the attorneys as listed above, pursuant to the Northern District of Illinois General Order on Electronic Case Filing.

[x] Pursuant to 28 USC Section 1746(2), I certify under penalty of perjury that the foregoing is true and correct. Executed on: June 9, 2017.

/s/ Eric L. Samore